**Agnes FRASER, Executrix of the Estate of Hector Fraser, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 1495, Docket 93–6334.

United States Court of Appeals, Second Circuit.

Argued May 13, 1994.

Decided May 13, 1996.

Michael P. Koskoff, Bridgeport, Conn. (Mark C. Durkin, Koskoff, Koskoff & Bieder, Bridgeport, Conn., on the brief), for plaintiff-appellant.

Nancy L. Griffin, Asst. U.S. Atty., New Haven, Conn. (Christopher F. Droney, U.S. Atty., New Haven, Conn., on the brief), for defendant-appellee.

William B. Wynne, Middletown, Conn., submitted a brief for amicus curiae Connecticut Legal Rights Project, Inc.

Before: NEWMAN, Chief Judge, JACOBS and LEVAL, Circuit Judges.

PER CURIAM.

On this appeal from a judgment of the District Court for the District of Connecticut (Warren W. Eginton, Judge), dismissing a suit against the United States, brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680 (1994), we certified two questions of Connecticut law to the Connecticut Supreme Court ("the Court"). *See Fraser v. United States*, 30 F.3d 18 (2d Cir.1994). After some delay occasioned by the Court's request for a certification of a statement of the relevant factual circumstances and the parties' efforts to agree on an appropriate response to the Court's request, the matter was ultimately argued before the Court on December 5, 1995, and a decision was released on April 16, 1996.

After slightly reformulating the two questions we certified into one question—"In the circumstances of this case, does a psychotherapist have a duty to control a patient being treated on an outpatient basis in order to prevent harm to third persons?"—the Court answered the question in the negative. *Fraser v. United States*, 236 Conn. 625, 627 & n. 3, 674 A.2d 811 (1996). Since Connecticut law governs the substantive issues of liability in this FTCA suit, the Court's authoritative ruling on Connecticut law defeats the plaintiff's claim that the United States is liable for the death of plaintiff's decedent

because employees of the West Haven Veteran's Administration Medical Center breached a duty of control alleged to be owed to the plaintiff's decedent.

Accordingly, the judgment of the District Court is affirmed.